Linda C. VILES, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SE-
CURITY ADMINISTRATION,
Defendant–Appellee.

No. 09–35783.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2010.

Filed Oct. 27, 2010.

Alan Graf, Alan Stuart Graf, PC, Sum-
mertown, TN, for Plaintiff–Appellant.

Richard A. Morris, Esquire, SSA—So-
cial Security Administration, Office of the
General Counsel, Seattle, WA, Adrian Lee
Brown, Assistant U.S., Office of the U.S.
Attorney, Portland, OR, for Defendant–
Appellee.

Before: PREGERSON, WARDLAW
and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Linda C. Viles challenges the
district court's judgment upholding Appel-
lee Commissioner of Social Security's de-
termination that Viles was not disabled.

As the parties recognized during oral
argument, this was a close case, with the
record containing conflicting evidence re-
garding whether the claimant was dis-

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

abled. When there are conflicting views of
the medical evidence and the Administra-
tive Law Judge selects one view over the
other, our precedent mandates affirmance.
*See Tommasetti v. Astrue*, 533 F.3d 1035,
1038 (9th Cir.2008) (recognizing that "[t]he
court will uphold the ALJ's conclusion
when the evidence is susceptible to more
than one rational interpretation") (citations
omitted).

**AFFIRMED.**

PREGERSON, J., Dissenting.

I dissent. Although this is a close case,
I believe that, on balance, the evidence
weighs in favor of the claimant, Linda
Viles. Viles is a sixty-one year-old woman
whose life has been turned upside down by
severe manic episodes caused by bipolar
affective disorder.

The ALJ erred in not considering the
medical reports of two treating physicians
and one examining physician, all of whom
found that Viles exhibited symptoms while
on medication. We have previously held
that "the opinion of a treating physician is
generally entitled to the greatest weight."
*Tonapetyan v. Halter*, 242 F.3d 1144, 1148
(9th Cir.2001). The Social Security Regu-
lations provide that "[t]reatment [must]
clearly [be] expected to restore capacity to
engage in any [substantial gainful activi-
ty]." SSR 82–59(3), 1975–1982 Soc. Sec.
Rep. Serv. 793, 1982 WL 31384 (S.S.A.).
The three physicians' medical reports con-
stitute substantial evidence that Viles's
treatment—taking Lithium—does not fully
restore her capacity to engage in a normal
life, including work.

Further, record evidence suggests that
when Viles either stopped taking her medi-
cation or overdosed, she did so because of

by 9th Cir. R. 36–3.

her disorder. ER 158–160. In addition, the ALJ's Residual Functional Capacity report did not account for all of Viles's limitations. This error was not harmless because the ALJ based his finding that Viles was not disabled at least in part on the Residual Functional Capacity report. Finally, the ALJ erred in discrediting Viles's testimony without offering any "clear and convincing" reasons for doing so. *See Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir.1989). The ALJ based his reasoning on the general finding that Viles "does okay" while on medication, which the record evidence shows is not the case. For the above reasons, I cannot join the majority's decision.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.